NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30272 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00067-DWM |
| v. | |
| VINCE LEE WHITEMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Vince Lee Whiteman challenges the 62-month sentence imposed by the

district court following his jury-trial conviction for assault with a dangerous

weapon and aiding and abetting assault with a dangerous weapon, in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

18 U.S.C. §§ 2, 113(a)(3), and 1153(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Whiteman contends that his sentence is substantively unreasonable because the district court gave excessive weight to the circumstances of the offense and the Guidelines range, and insufficient weight to his individual characteristics and history and to the need to avoid unwarranted sentencing disparities. The district court did not abuse its discretion in imposing Whiteman's sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The disparity between Whiteman's sentence and the sentence imposed on a co-defendant was warranted and, notwithstanding Whiteman's difficult childhood and history of addiction, his within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (sentencing disparity); *Carty*, 520 F.3d at 993 (court considers totality of the circumstances when determining substantive reasonableness).

To the extent that Whiteman claims that the district court's explanation of the sentence was inadequate, there was no plain error in the court's lengthy explanation. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

**AFFIRMED.**

13-30272